## IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| A.B., by his parents and next friends,<br>NATALIE and CHRISTOPHER BEER | )<br>)<br>) |
| Plaintiffs, | )<br>) |
| vs. | )<br>) |
| SHAWNEE MISSION SCHOOL<br>DISTRICT, UNIFIED SCHOOL<br>DISTRICT NO. 512, Johnson County,<br>State of Kansas | )<br>)<br>)<br>) |
| Defendant. | )<br>)<br>) |

## <u>COMPLAINT</u>

Plaintiffs, A.B., by his parents and next friends, Natalie Beer and Christopher Beer, allege as follows:

### INTRODUCTION

1.     This Complaint relates to two cases currently pending in the United States District Court for the District of Kansas.  On August 20, 2021, Plaintiffs commenced a related action captioned *A.B., by his parents and next friends, Natalie, and Christopher Beer v. Shawnee Mission School District, Unified School District No. 512, Johnson County, State of Kansas,* No. 2:21-CV-02365, to recover their attorneys' fees and costs as prevailing parties a special education due process proceeding, and any subsequent litigation related thereto.  Plaintiffs filed their attorneys' fees complaint prior to completion of the appeal process out of an abundance of caution, as there is not a clear limitations period applicable to filing the same.  This suit remains

pending.

2.      On December 29, 2021, defendant commenced a related action captioned *Shawnee Mission School District, Unified School District No. 512, Johnson County, State of Kansas v. A.B., by his parents and next friends, Natalie, and Christopher Beer,* No. 2:21-cv-02604-TC-ADM, in the United States District Court for the District of Kansas, seeking judicial review of the same underlying special education administrative due process proceeding.  This matter also remains pending.

3.      A.B. is a nine year-old boy who lives in Westwood, Kansas.  A.B. has Autism Spectrum Disorder, level 2, with an accompanying language impairment and Attention Deficit Hyperactive Disorder.  Level 2 means A.B. needs substantial support.  Among other things, A.B. struggles with social development and behaviors that impede his learning or the learning of others.

4.      On August 14, 2020, A.B. and his parents filed a due process complaint against the Shawnee Mission School District, Unified School District No. 512 (the "District" or "Defendant") with the Kansas State Department of Education.  The due process complaint alleged various procedural and substantive violations of the Individuals with Disabilities Education Act ("IDEA"), beginning in A.B.'s 2017-2018 school year and continuing at the time of filing. Plaintiffs duly amended their due process complaint on February 5, 2021.

5.      Plaintiffs' due process complaint also asserted claims to exhaust and preserve their rights arising under the Americans with Disabilities Act ("ADA") and Section 504 of the Rehabilitation Act, which the hearing officer dismissed prior to the hearing for lack of jurisdiction.

6.      After an unsuccessful mediation, the case proceeded to a six-day evidentiary due

process hearing on April 15-16, 19-21, and 23, 2021.

7.      On July 23, 2021 and August 4, 2021, the hearing officer issued decisions finding in favor of Plaintiffs on virtually all of their claims.  The hearing officer found that the District substantively violated the IDEA and deprived A.B. of a free appropriate public education ("FAPE") beginning in A.B.'s 2018-2019 school year and continuing through present day, and awarded Plaintiffs relief to remedy the same. The hearing officer did not rule in Plaintiffs' favor on their claim pertaining to A.B.'s 2017-2018 school year.  A true and accurate copy of the July 23, 2021 Notice of Hearing Officer's Decision is attached hereto as Exhibit 1, and incorporated herein by reference.  A true and accurate copy of the August 4, 2021 Notice of Hearing Officer's Supplemental Decision & Award is attached hereto as Exhibit 2, and incorporated herein by reference.

8.      On August 20, 2021, Plaintiffs appealed limited aspects of the hearing officer's decision to an independent review officer, pursuant to K.S.A. 72-3418(b).  Defendant filed a broad appeal of the hearing officer's decision to an independent review officer on August 19, 2021.  Both appeals were assigned to Administrative Law Judge Snell.

9.      On December 1, 2021, Judge Snell issued his decision finding in favor of Plaintiffs on virtually all of their claims related to A.B.'s 2018-2019 and 2019-2020 school years.  Judge Snell found that the statute of limitations likely did not bar Plaintiffs' claim pertaining to A.B.'s 2017-2018 school year, but ruled in favor of Defendant on that claim. A true and accurate copy of the December 1, 2021 Review Officer's Decision is attached hereto as Exhibit 3, and incorporated herein by reference.

3

10.     Among other things, Judge Snell affirmed that the District substantively violated the IDEA and deprived A.B. of a FAPE in A.B.'s 2018-2019 and 2019-2020 school years, and that A.B.'s current IEP "had numerous, substantial defects" and was not reasonably calculated to enable A.B. to make progress appropriate in light of his circumstances.

11.     This is a partial appeal from the December 1, 2021 decision of the review officer. Plaintiffs file this civil action pursuant to 20 U.S.C. 1415(i)(2), as they are aggrieved by the findings and decision of the review officer in two limited respects: (1) the review officer's compensatory education award does not provide necessary relief to A.B., in that: (a) language in the Decision, pp. 142, ¶ 1.e does not provide necessary compensatory education relief to which A.B. is entitled, because it simply requires "consider[ation]" of the same, and (b) the review officer eliminated important aspects of the hearing officer's compensatory education award; and (2) the review officer incorrectly determined the District did not violate Child Find. Plaintiffs will describe each of these claims with greater particularity in the following sections of this Complaint.

## PARTIES

12.     A.B. is a nine year-old natural person, now in third grade within the District.  At all times relevant hereto, A.B. resided with his mother and father in Westwood, Kansas, within the Shawnee Mission School District.

13.     Natalie Beer is a natural person and A.B.'s mother and guardian.  At all times relevant hereto, she resided in Westwood, Kansas, within the Shawnee Mission School District.

14.     Christopher Beer is a natural person and A.B.'s father and guardian.  At all times relevant hereto, he resided in Westwood, Kansas, within the Shawnee Mission School District.

15.     Defendant Shawnee Mission School District, Unified School District No. 512, is a public school district located in Johnson County, Kansas that may be sued in its name pursuant to K.S.A. § 72-1131.

## JURISDICTION AND VENUE

16.     The Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 and 20 U.S.C. § 1415(i)(2).

17.     The Court has personal jurisdiction over Defendant because it is geographically located in the state of Kansas.

18.     Venue is proper in this district pursuant to 28 U.S.C § 1391(b)(1), (2).

## GENERAL ALLEGATIONS

19.     Plaintiffs filed their original due process complaint on August 14, 2020, bringing claims against the District for numerous IDEA violations.  Highly summarized, Plaintiffs alleged the District violated its Child Find obligations over a period of three school years; conducted an inadequate evaluation process that extended well beyond the 60 school-day deadline without parental consent; failed to timely develop and implement an IEP for A.B.; proposed and implemented IEPs that were not reasonably calculated to enable A.B. to make progress appropriate in light of his circumstances; failed to implement and revise A.B.'s IEP and/or behavior intervention plan; failed to grant Plaintiffs' request for an independent educational evaluation; and failed to tender numerous, required prior written notices.

20.     The IDEA's purpose is to ensure that "all children with disabilities have available to them a [FAPE] that emphasizes special education and related services designed to meet their

unique needs." 20 U.S.C. § 1400(d).

21.    The District is a local educational agency that is obligated to provide educational and related programs and services to its students in compliance with the applicable federal and state statutes, regulations, and the U.S. Constitution, and is subject to the requirements of 20 U.S.C. § 1400 *et seq.*, and the regulations promulgated thereunder.

22.    The District was and is responsible to identify, locate, and evaluate all children it suspects, knows, or should know is a child with a disability—a responsibility known as "Child Find."  *E.g.* 20 U.S.C. § 1412(a)(3); 34 C.F.R. § 300.111(c); *Cudjoe v. Indep. Sch. Dist. No. 12*, 297 F.3d 1058, 1066 (10th Cir. 2002); *Timothy O. v. Paso Robles Unif. Sch. Dist.,* 822 F.3d 1105, 1119 (9th Cir. 2016); *Boutelle v. Bd. of Educ.*, No. 17-1232, 2019 WL 2061086, at *9 (D.N.M. May 9, 2019); K.A.R. § 91-40-7.  Further, the District was and is responsible to develop, implement, and revise an IEP calculated to meet A.B.'s specific educational needs. 20 U.S.C. § 1414(d); 34 C.F.R. § 300.306(c)(2); K.A.R. §§ 91-40-8(f); 91-40-16(a).

23.    On July 23, 2021 the hearing officer issued a 222-page decision, finding in favor of Plaintiffs on virtually all of their claims. Exhibit 1.

24.    The hearing officer concluded that the District committed numerous substantive violations of the IDEA and deprived A.B. of a FAPE beginning in his 2018-2019 school year, and continuing today.  Exhibit 1, at pp. 206-222.

25.    As it relates to A.B.'s 2018-2019 school year, the hearing officer concluded the District breached its Child Find duties and substantively violated the IDEA by:

    a.    Conducting an inadequate and ineffective evaluation with inaccurate information—
         a process that unnecessarily and unreasonably prolonged the evaluation period and

A.B.'s identification beyond the 60 school day requirement;

    b.   Unreasonably delaying identification of A.B. until he obtained a private diagnosis of ASD, Level II, with accompanying ADHD and language impairment;

    c.   Intentionally engaging in a concerted effort to avoid identifying A.B. as a child with autism, in an attempt to prevent A.B. from receiving special education services, unreasonably prolonging the identification and evaluation process; and

    d.   Unilaterally ceasing all evaluation and IEP development processes on February 25, 2019.

Exhibit 1, at p. 206, ¶ 119-20.

    26.    As it relates to A.B.'s 2019-2020 school year, the hearing officer concluded the District breached its Child Find duties and substantively violated the IDEA by:

    a.   Relying on outdated and inaccurate information from prior evaluators, rather than correcting known deficiencies in the 2018-2019 evaluation documents; and,

    b.   Unreasonably refusing to evaluate and identify A.B.'s needs in fine motor within a reasonably [sic] time after its Child Find duty to evaluate was triggered, despite knowledge and concern that A.B. "writes like a 3-year-old" and needed an OT evaluation.  The District also failed to tender a required [Prior Written Notice] to the Beers, advising of its refusal to evaluate and/or requesting consent for an evaluation.

*Id.*

    27.    The hearing officer also concluded the District failed to timely develop A.B.'s IEP; that A.B.'s IEPs were not reasonably calculated to enable A.B. to enable him to make progress appropriate in light of his circumstances; failed to revise A.B.'s IEP despite a recognized need to revise; failed to implement A.B.'s IEP and/or Behavior Intervention Plan ("BIP"); failed to provide student records requested by Plaintiffs; failed to provide an independent evaluation requested by Plaintiffs; and committed procedural violations such that A.B.'s right to a FAPE was

impeded, the parents' opportunity to participate in the decision-making process was significantly

impaired, and A.B. was deprived of educational benefits as alleged in the amended due process

complaint. Exhibit 1, at p. 206-223.

28.    The July 23, 2021 decision did not address relief necessary to remedy the District's

deprivation of a FAPE to A.B.  Accordingly, by e-mail dated July 26, 2021, the hearing officer

invited briefing regarding remedies for A.B.  *See* Exhibit 2, at 1.

29.    On August 4, 2021, the hearing officer issued a supplemental decision and award,

finding that the District's deprivation of a FAPE to A.B. for years "is the trigger that both

authorizes and requires a remedy, including comp[ensatory] education and other forms of relief."

The hearing officer did not award A.B. placement at a private school, but awarded virtually all of

Plaintiffs' other requests for relief including, *inter alia*, ordering the District to:

    a.  Provide independent education evaluations to assess all of A.B.'s current
       educational needs;

    b.  Develop an individualized education plan ("IEP") for A.B. that includes additional
       para-professional support, a reading goal, social pragmatic goal, a new behavior
       reduction goal, completion of a functional behavior assessment and development
       of a behavior intervention plan by an independent board certified behavioral analyst
       ("BCBA");  behavior goals that focus on increasing pro-social replacement reduce
       problematic behavior, and; any additional services, goals, and other provisions as
       determined necessary by the IEP Team, in consultation with the evaluators and
       Plaintiffs, including the need for OT services to address A.B.'s fine motor skills;

    c.  Hire an independent special education IEP specialist to ensure that A.B.'s IEP is
       developed to meet his educational needs and make educational progress, and
       procure the IEP specialist for the 2021-2022 and 2022-2023 school years;

    d.  Hire an independent BCBA to complete the functional behavior analysis, develop a
       behavior intervention plan and oversee implementation of the same throughout the
       2021-2022 and 2022-2023 school years;

e.  Complete staff training held by the BCBA regarding implementation of A.B.'s behavior intervention plan and, separately, complete staff training on autism and applied behavior analytic school-based best practices;

f.  Provide 25 hours of in-home ABA services for A.B. during the 2021-2022 school year;

g.  Provide 25 hours of tutoring for each of the 2021-2022 and 2022-2023 school years;

h.  Reimburse Plaintiffs $5,582.12 for costs associated with attendance at a private applied behavior analysis school, special education advocate expenses, and a private evaluation;

i.  Provide Plaintiffs with quarterly progress reports regarding A.B. that identify the observing staff, and attach copies of all underlying data collection;

j.  Develop an internal tracking system that allows and requires staff to document concerns related to suspected or known disabilities and further documents the District's actions related to those suspicions or knowledge, including periodic administrative review of the same, and;

k.  Pay Plaintiffs' attorneys' fees and costs.

Exhibit 2.

30.     The hearing officer further held that the District's subsequent evaluation extended much longer than it should have. It was inadequate with "significant deficits in skill assessment, observations, incorrect baseline data, disciplinary data, evaluation data to develop goals, [and] behavioral data," resulting in a November 20, 2019 IEP still in effect that is not reasonably calculated to enable A.B. to make appropriate progress. Exhibit 1, at pp. 213, 220, ¶¶ 151, 171. Further, the District materially failed to implement A.B.'s IEP and failed to revise it to address his anticipated needs. *Id.* at pp. 215, 217, ¶¶ 156, 161-62.

31.     The review officer affirmed the vast majority of the hearing officer's decision.

9

Highly summarized, the review officer held that the District substantively violated the IDEA and deprived A.B. of a FAPE during his 2018-2019 and 2019-2020 school years, resulting in loss of educational opportunity and benefit to A.B., because the District: failed to make an eligibility determination within 60 school days; failed to develop and implement an IEP for A.B. within the required timeframe; denied A.B. and his parents the ability to meaningfully participate; deprived A.B. of an IEP; failed to provide special education and related services to A.B. designed to meet A.B.'s unique educational needs; failed to ensure an IEP was in effect for A.B. when the 2019-2020 school year began; failed to rework a proposed IEP that did not offer a FAPE and unnecessarily prolonged the IEP process; developed an IEP (A.B.'s current IEP) that had "numerous, substantial defects" that did not and does not confer a FAPE to A.B.; failed to take necessary steps to revise A.B.'s current IEP despite internally recognizing a need to do so; provided conclusory progress reporting to Plaintiffs that was inconsistent with goal progression data collected by the District, and failed to implement a "significant proportion of services" outlined in A.B.'s IEP and/or BIP.

32.     Despite concluding that the "evaluation completed on A.B. was insufficient," the review officer found that the District satisfied its Child Find obligations by taking steps to evaluate and identify A.B., regardless of the insufficiencies of the evaluative process.  As explained in greater detail below, Plaintiffs appeal the review officer's conclusion on this point.

33.     The review officer awarded A.B. relief to remedy "the District's substantial FAPE deprivation and deprivation of educational benefit" similar to that awarded by the hearing officer.  However, the review officer eliminated some of the relief awarded by the hearing officer and the

decision, p. 142, ¶ 1.e, does not provide necessary compensatory education relief to which A.B.

is entitled, because it simply requires "consider[ation]" of the same.

      34.     A party aggrieved by the findings and decision at a due process hearing and a state

level review has the right to bring a civil action in federal court.  20 U.S.C. § 1415(i)(2).  In which

case, the reviewing court:

      a.   shall receive the records of the administrative proceedings;

      b.   shall hear additional evidence at the request of a party; and

      c.   basing its decision on the preponderance of the evidence, shall grant such relief as
         the court determines is appropriate.

20 U.S.C. 1415(i)(2)(C).

## COUNT I: COMPENSATORY EDUCATION
### (Appeal of Agency Decision under the IDEA)

      35.     A.B. and his parents incorporate by reference the allegations set forth above.

      36.     First, Plaintiffs appeal the review officer's compensatory education award with

respect to the language in p. 142, ¶ 1.e, because it does not provide necessary compensatory

education relief to A.B. because it simply requires "consider[ation]" of the same.

      37.     The review officer held that the District did not address A.B.'s needs "in the areas

of fine motor, need for a reading goal, and need for afternoon paraprofessional support."  Exhibit

3, p. 133.  The review officer also held that A.B.'s current IEP does not adequately address his

behavioral needs.  *Id.* at p. 132-33.  These violations, among others, resulted in a substantive

violation of the IDEA and deprived A.B. of a FAPE.  *Id.* at pp. 132-34.

      38.     But the review officer's compensatory education award only requires that the "IEP

shall consider whether the IEP should include" additional paraprofessional support, a reading

goal, behavioral goals, and Behavior Intervention Plan (BIP).  Exhibit 3, p. 142.

39.     Plaintiffs requested the review officer correct similar imprecise language appearing

in the hearing officer's decision.  However, the review officer's decision, p. 142, ¶ 1.e does not

provide necessary compensatory education relief to which A.B. is entitled, because it simply

requires "consider[ation]" of the same, and will result in A.B. not receiving an IEP with the goals

and services that he needs to remedy, in part, the FAPE deprivation.

40.     The review officer's decision, p. 142, ¶ 1.e provides, in part:

> The IEP shall consider whether the IEP should include at least 60 minutes of
> additional para-professional support in the afternoon, a reading goal, a social
> pragmatic goal, a new behavior reduction goal, behavior goals that focus on
> increasing pro-social replacement and reduce problematic behavior, and a clear and
> descriptive Behavior Intervention Plan (BIP) as developed by the Independent BCBA
> and FBA

41.     The District has already seized on similar language in the hearing officer's decision

and stated its position that A.B. was not awarded additional paraprofessional support.

42.     Not only will this language result in A.B. not receiving the compensatory

education necessary to remedy his lost educational benefit, it improperly delegates A.B.'s IEP

team with the authority to reduce or eliminate A.B.'s compensatory education award.  *See Bd. of

Educ. v. L.M.*, 478 F.3d 307, 317-18 (6th Cir. 2007).

43.     The Court should correct the awarded relief so that it (a) reflects that the district

"must" provide A.B. with at least 60 minutes of additional para-professional support, and (b)

incorporates goals proposed by independent evaluators, including a reading goal, social pragmatic

goal, a new behavior reduction goal, behavior goals that focus on increasing pro-social

replacement and reducing problematic behavior, and a clear and descriptive behavior intervention

plan as developed by the independent Board Certified Behavioral Analyst ("BCBA") and

Functional Behavioral Analysis ("FBA").

44. Second, Plaintiffs appeal the review officer's compensatory education award in

that it eliminates or reduces important components of the hearing officer's award necessary to

ensure implementation of A.B.'s relief. Specifically, Plaintiffs appeal the following:

    a. The review officer's decision excluded the provision of the hearing officer's award requiring the BCBA to provide services in the minimum amount of eight hours per school week. *Compare* Exhibit 2, at p. 7, ¶ 3.n) *with* Exhibit 3, pp. 144-45.[1]

    b. Both the hearing officer and review officer ordered the District to hire a Special Education IEP Specialist, BCBA, and educational tutor to remedy A.B.'s FAPE deprivation. The review officer's decision, however, reduces the timeframe by which the District must provide these services from four semesters to three, without explanation, and does not account for the District's delays in implementing the same.[2]

45. The Court should correct the awarded relief such that it (a) requires the BCBA to

assist staff with A.B.'s BIP implementation, provide modeling and direct instruction on behavior

strategies utilized in A.B.'s BIP, oversee A.B.'s BIP implementation, provide behavior analytic

services related to A.B., and conduct direct observations of A.B. for a minimum of eight hours

per school week, and (b) requires the District to provide the Special Education IEP Specialist,

BCBA, and educational tutor for four semesters, beginning on the date the District finally

complies with the order.

---

[1] Plaintiffs also requested the review officer revise imprecise language in this portion of the hearing officer's decision in their September 24, 2021 Brief in Support of the Remedies Awarded, to reflect that the BCBA "shall provide a minimum of 8 hours per school week . . . ."

[2] Plaintiffs requested the review officer address the temporal limitations in A.B.'s award such that the relief was extended commensurate with any delays in implementation.

## COUNT II: CHILD FIND
### (Appeal of Agency Decision under the IDEA)

46.     A.B. and his parents incorporate by reference the allegations set forth above.

47.     Plaintiffs appeal the review officer's determination that the District satisfied its Child Find obligation in A.B.'s 2018-2019 and 2019-2020 school years.

48.     The review officer held that "[t]he record, as well as the testimony offered by the expert(s) indicates that the evaluation completed on A.B. was insufficient." Exhibit 3, p. 141. However, the review officer determined that the District satisfied its Child Find obligations, regardless of the insufficiency of the evaluative processes. *Id.* at p. 116, ¶ 72.

49.     "[A]" poorly designed and ineffective round of testing does not satisfy a school's Child Find obligations." *D.K. v. Abington Sch. Dist.*, 696 F.3d 233, 250 (3d Cir. 2012).

50.     There is ample record evidence that the District breached its Child Find duties even though it commenced an evaluation. Both the hearing officer and review officer identified material inadequacies in the evaluation process. The hearing officer summarized those findings as follows:

> Dr. Weigand [Plaintiffs' expert] credibly testified that there were significant deficits in skill assessment, observations, incorrect baseline data, disciplinary data, evaluation data to develop goals, behavioral data in which the IEP was not reasonably calculated to enable A.B. to make appropriate progress through an evaluation process that was extenuated much longer than it should have.

Exhibit 1, p. 220, ¶ 171 (internal citations omitted); *see also, e.g.,* Exhibit 3, at ¶¶ 130-31, 137, 141, 157 n.10, 157-58, 181-82, 186, 188-89, 213, 227-28, 234, 264, 291, 339-40, 345, 347, 478.

51.     Further, the District failed to evaluate A.B.'s fine motor needs, "despite internally observing [that] A.B. 'writes like a 3 year old' (a corresponding request for OT evaluation was

14

unsuccessful)."  Exhibit 3, p. 133 ¶ 153.

52.     The poorly designed and ineffective round of testing by the District and/or the utter failure to reevaluate A.B.'s fine motor needs constitute a breach of the District's Child Find duties.

53.     The District's breach of its Child Find duties in 2018-2019 and 2019-2020 resulted in a substantive IDEA violation and denial of a FAPE to A.B.  The District's breach denied A.B. and his parents important and necessary information regarding his eligibility and need for special education and ability to meaningfully participate, deprived A.B. of an IEP, and resulted in loss of educational opportunity and benefit to A.B.

54.     The District's breach of its Child Find duties supports Plaintiffs' requests in Count I that the Court award A.B. four semesters of compensatory relief, as opposed to three, and an order that the District "must" revise A.B.'s IEP.  The District's breach began at the onset of A.B.'s evaluation in September 2018 and continued through A.B.'s spring 2020 semester, when the District, among other things, recognized A.B. had unmet special education and related services needs but did nothing to evaluate or address the same.  Moreover, the District's breach of its Child Find duties resulted in A.B.'s current IEP that both the hearing officer and review officer concluded is not reasonably calculated to enable A.B. to make progress appropriate in light of his circumstances.

55.     The District's breach of its Child Find duties and deprivation of a FAPE to A.B. is an additional reason to order compensatory education relief to A.B., in the unlikely event the Court rules in favor of the District on other issues.

**PRAYER FOR RELIEF**

WHEREFORE, A.B. and his parents request this Court award them relief as follows:

1. For Count I, a finding that the administrative law judge erred by incorporating language in page 142, ¶ 1.e of the decision that will not provide necessary compensatory education relief to A.B. and reducing the temporal scope of A.B.'s compensatory education award, and judgment that: (a) corrects the language in ¶ 1.e to reflect the District "must" provide the compensatory education stated therein, (b) orders compensatory education to A.B. for four semesters beginning when the District finally complies with the order, and (c) otherwise affirms and orders the relief awarded to A.B. by the review officer.

2. For Count II, a finding that the administrative law judge erred in determining that the District did not breach its Child Find obligations in A.B.'s 2018-2019 and 2019-2020 school years, and judgment that: (a) the District did breach its Child Find obligations in A.B.'s 2018-2019 and 2019-2020 school years in a manner that substantively violated the IDEA, deprived A.B. of a FAPE, resulted in lost educational benefit to A.B., and deprived his parents with the ability to meaningfully participate, (b) the District's violation is an additional reason the A.B. is entitled to compensatory education relief.

3. Judgment against the District affirming, in part, the review officer's decision and award on all matters not appealed by Plaintiffs.

4. Judgment declaring Plaintiffs as the prevailing party in the administrative proceedings and in the current federal litigation;

5. Judgment against the District for Plaintiff's reasonable attorneys' fees and costs incurred

16

in the administrative proceedings before the hearing officer and review officer, including but not limited to attorneys' fees and costs that Plaintiff seeks in the pending matter before Judge Crabtree, styled *A.B., by his parents and next friends, Natalie, and Christopher Beer v. Shawnee Mission School District, Unified School District No. 512, Johnson County, State of Kansas,* No. 2:21-CV-02365.

6. Judgment against the District for Plaintiffs' attorneys' fees and costs incurred in appeals of the review officer's decision, including but not limited to this current action.

7. Pre- and post-judgment interest to the extend allowed by law;

8. Such other and further relief and the Court deems just and equitable.

BARBER EMERSON, L.C.


By s/ Matthew J. Rogers
    Terrence J. Campbell - #18377
    Bethany J. Roberts - #21240
    Matthew J. Rogers - #27667
    1211 Massachusetts Street
    Lawrence, KS 66044
    Tele:  (785) 843-6600
    Fax: (785) 843-8405
    tcampbell@barberemerson.com
    broberts@barberemerson.com
    mrogers@barberemerson.com
    *Attorneys for Plaintiffs*

## CERTIFICATE OF SERVICE

I hereby certify that on this 30th day of December, 2021, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system and sent a copy via electronic mail to the undersigned counsel:

Joshua E. Douglass
Patrick J. Brazill
MICKES O'TOOLE, LLC
12444 Powerscourt Drive, Suite 400
St. Louis, Missouri 63131
jdouglass@mickesotoole.com
pbrazill@mickesotoole.com
*Attorneys for Respondent*
*Shawnee Mission School District*

I further hereby certify that on this 30th day of December, 2021, I sent a copy of this document via U.S. Mail, postage prepaid, to the following:

Loren F. Snell, Jr.
Presiding Officer/Administrative Law Judge
Office of Administrative Hearings
1020 S. Kansas Avenue
Topeka, KS 66612

s/ Matthew J. Rogers
Matthew J. Rogers